UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:13-cr-00014-GFVT-EBA-7

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | PLAINTIFF/RESPONDENT, |
| v. | **ORDER** | |
| CHRISTOPHER WAYNE CASSIDY, | | DEFENDANT/PETITIONER. |

\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the undersigned on the Defendant's Motion to Vacate under 28 U.S.C. § 2255. [R. 402]. Although styled as a § 2255 motion, the substance really is a request for resentencing under 18 U.S.C. § 3582(c)(2). Properly construed, such a claim in not appropriate under § 2255. The undersigned therefore **RECOMMENDS** that the District Judge accurately recharacterize the motion and address the resentencing merits. Because Cassidy seeks relief under a Guidelines Amendment (No. 794) inapplicable to him, the District Court should **DENY** resentencing.

DISCUSSION

In his Motion, Cassidy requests a sentence reduction based on U.S.S.G. Amendment 794. That Amendment modified the commentary to U.S.S.G. § 3B1.2, the mitigating role adjustment. See United States v. Gomez-Valle, 828 F.3d 324, 328–29 (5th Cir. 2016).

A motion under 18 U.S.C. § 3582(c)(2), not 28 U.S.C. § 2255, is the correct mechanism by which to pursue sentence reduction under amendments to the Sentencing Guidelines. See U.S.S.G. § 1B1.10(a)(1); Newby v. United States, Nos. 4:07-CR-51-FL-1, 4:12-CV-42-FL, 2013 WL 7098720, at *5 (E.D.N.C. Mar. 19, 2013) ("Courts recognize that a motion pursuant to 18 U.S.C. § 3582(c) is the appropriate motion to be made for a sentence reduction based on a

Guideline amendment, not a motion to vacate under 28 U.S.C. § 2255."); see also United States v. Jones, 143 F. App'x 527, 527 (4th Cir. 2005) ("A motion under § 3582(c)(2) is a post-conviction remedy for an improperly computed sentence that is separate and distinct from a § 2255 motion.")

Accordingly, the undersigned recommends that the District Court treat the § 2255 motion as a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). See United States v. McDonald, 326 F. App'x 880, 882 (6th Cir. 2009) (permitting liberal construction of "post-judgment filings of *pro se* criminal defendants for efficiency's sale and out of a sense of fairness to *pro se* petitioners"); United States v. Porter, 335 F. App'x 408, 409 (5th Cir. 2009) (affirming district court's construction of movant's § 2255 motion as in "essence" a § 3582(c)(2) motion "[b]ecause Porter claimed that his sentence should be reduced based on amendments to the Sentencing Guidelines").

Once so construed, the undersigned recommends denial of Cassidy's motion to reduce sentence. Amendment 794 addressed the mitigating role adjustment of U.S.S.G. § 3B1.2. But the Sixth Circuit has unambiguously stated that "[t]he language of § 1B1.10(b)(1) is clear: if an amendment is not listed in § 1B1.10(c), it cannot be applied in a § 3582(c)(2) resentencing proceeding." United States v. Goodloe, 388 F. App'x 500, 506 (6th Cir. 2010) (noting that Amendment 709 is not listed in subsection 1B1.10(c) and thus cannot properly be applied on resentencing). As with Amendment 709, Amendment 794 is not enumerated in § 1B1.10 and thus cannot be properly applied on resentencing. See also United States v. Watkins, ___ F. App'x ___, No. 15-6205, 2016 WL 3924240, at *1 (6th Cir. July 21, 2016) ("If no amendment listed in § 1B1.10(d) lowers the defendant's applicable guidelines range, then a sentence reduction is inconsistent with § 1B1.10 and, therefore, not authorized by § 3582(c)(2).").

Consequently, § 3582(c)(2) forecloses relief, and the Court should deny resentencing.

Some inmates have cited United State v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016), for the proposition that Amendment 794 applies retroactively. But Quintero addressed only whether Amendment 794 applies retroactively on direct appeals, not retroactively as to sentencing reductions. 823 F.3d at 522. Again, as the Sixth Circuit has clearly stated in Goodloe, since § 1B1.10 does not list Amendment 794, the amendment cannot apply retroactively on resentencing. 388 F. App'x at 506.

**IT IS HEREBY RECOMMENDED** that the District Judge construe Cassidy's § 2255 motion [R. 402] as a § 3582 motion and then **DENY** the motion on its merits.

Signed January 10, 2017.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge