UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 6:13-cr-00014-GFVT-EBA-7 |
| Plaintiff/Respondent, | ) | |
| | ) | |
| V. | ) | **ORDER** |
| | ) | |
| CHRISTOPHER WAYNE CASSIDY, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

*** *** *** ***

This matter is before the Court on Petitioner Christopher Cassidy's motion to vacate under 28 U.S.C. § 2255. [R. 402.] Consistent with local practice, this matter was referred to United States Magistrate Judge Edward B. Atkins, who filed a Report and Recommendation on January 10, 2017. [R. 407.] In the Report and Recommendation, Judge Atkins explains that the substance of Mr. Cassidy's request amounts not to § 2255 habeas corpus relief but to a request for resentencing pursuant to 18 U.S.C. § 3582(c)(2), in light of Amendment 794 to the United States Sentencing Guidelines. However, because Amendment 794 cannot be applied in a resentencing proceeding, Judge Atkins recommends denying Cassidy's motion.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Report and Recommendation or else waive his rights to appeal. In order to receive de novo review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that

fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Cassidy filed timely and specific objections to Judge Atkins's Report and Recommendation. [R. 408.] Cassidy objects to the recharacterization of his motion as an 18 U.S.C. § 3582(c) motion rather than a § 2255 petition, and he objects to Judge Atkins's conclusion that Amendment 794 does not apply to afford him relief. [*Id.*]

First, the Court finds that Judge Atkins appropriately construed Cassidy's petition as a § 3582(c) motion for a sentence reduction. As Judge Atkins pointed out, a *pro se* defendant's post-conviction filings may be liberally construed, both for the sake of efficiency and out of fairness. *See United States v. McDonald*, 326 F. App'x 880, 882 (6th Cir. 2009). And while § 2255 petitions allow a petitioner to move to vacate or set aside his conviction on the whole, § 3582(c) proceedings allow a petitioner to seek a sentence *reduction* pursuant to a Guideline amendment. *See, e.g.*, U.S.S.G. §1B1.10(a)(1) ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."). Thus, the Court overrules Mr. Cassidy's objection to recharacterizing his motion as a § 3582 motion rather than a § 2255 petition.

But even so construed, Mr. Cassidy's motion must be denied. The Sixth Circuit has clarified that the only Sentencing Guideline amendments which provide relief in a § 3582(c)(2) resentencing are those which are listed in United States Sentencing Guidelines §1B1.10. *United States v. Goodloe*, 388 F. App'x 500, 506 (6th Cir. 2010); *see also United States v. Watkins*, 655

F. App'x 478, 479 (6th Cir. 2016) ("If no amendment listed in §1B1.10(d) lowers the defendant's 'applicable guideline range,' then a sentence reduction is inconsistent with §1B1.10 and, therefore, not authorized by § 3582(c)(2)."); U.S.S.G. §1B1.10(a)(2)(A). Amendment 794 is not listed in United States Sentencing Guidelines §1B1.10(d). *See* U.S.S.G. §1B1.10(d). Therefore, granting a sentence reduction in light of the amendment is impermissible.

Being otherwise sufficiently advised, the Court hereby **ORDERS** as follows:

1. The Petitioner's Objections to the Magistrate's Report and Recommendation [R. 408] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [R. 407] is **ADOPTED** as and for the Opinion of the Court;

3. Mr. Cassidy's motion at Docket Entry 402 is **CONSTRUED** as a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2); and

4. The construed motion [R. 402] is **DENIED**.

This the 26th day of June, 2017.

Gregory F. Van Tatenhove
United States District Judge